The Tennessee Bar Association; the Tennessee Association of Criminal Defense Lawyers; the Tennessee Trial Lawyers Association; the Criminal Justice Funding Crisis Group; the Tennessee District Public Defenders Conference; the Capital Case Resource Center of Tennessee, Petitioners.

## In re THE INDIGENT CRIMINAL JUSTICE SYSTEM.

Supreme Court of Tennessee,
at Nashville.

Aug. 18, 1994.

### ORDER

#### I

Petitioners have filed in this Court a "Petition for Amendments to Supreme Court Rule 13 in Order to Establish a Constitutional, Adequate, and Effective Indigent Criminal Justice System" and a "Petition for the Adoption of Proposed Supreme Court Rule 13.1." The Court invited responses to said petitions in its order entered October 5, 1993, and the following parties have filed responses: The Honorable Ned McWherter, Governor; Lieutenant Governor John Wilder, Speaker of the Senate; the Honorable Charles Burson, Attorney General; Mr. Patrick H. McCutchen, Executive Secretary of the Tennessee District Attorney Generals Conference; Mr. David A. Doyle, President, Tennessee District Public Defenders Conference; and Mr. Allan F. Ramsaur, Executive Director, Nashville Bar Association. In an order entered March 1, 1994, this matter was set for hearing for the June, 1994 session of this Court at Nashville. Oral argument was heard June 1, 1994.

#### II

After consideration of the petitions and responses, argument of counsel, and the entire record in this matter, the Court, finds:

(1) The Judicial Department, the Legislative Department, and the Executive Department, respectively, bear administrative responsibility for providing effective assistance of counsel for indigent persons charged by the state with criminal offenses (hereinafter "indigent defendants") and neither of the three departments can provide such services without the assistance and cooperation of the other departments;

(2) The allegations of the petitions addressing the administrative structure and operation of the Judicial Department for providing counsel for indigent defendants are appropriate for consideration by the Court in this proceeding; and

(3) The petitions contain allegations which are not appropriate for consideration by the Court in this proceeding.

#### III

It is, therefore, ORDERED:

(1) The petitions are accepted for filing, but only as to those issues specifically addressed in this order and only to the extent that those issues are specifically addressed;

(2) There is hereby created the Indigent Defense Commission of the Supreme Court of Tennessee;

(3) The Commission created shall be structured and shall operate as follows:

a. The Commission shall consist of eleven members appointed by the Court. Each of the separate organizations which joined as a petitioner in this matter is requested to submit to the Court the names of three persons qualified to serve as Commission members.

b. Each member of the Commission shall be appointed for a term of three years, except four of the beginning terms shall be for two years and three for one year. Continuous service will be limited to the beginning or any unexpired term plus one full term. The terms of each office will expire on January 1 next following the last year of each term.

c. The Commission shall have a chairperson, vice-chairperson, and secretary. The chairperson shall be appointed by the Supreme Court. The other officers shall be elected by the members of the Commission at the first meeting in each calendar year.

d. The Commission shall adopt rules for the operation of the Commission, which rules shall not be inconsistent with the provisions of this order.

e. Meetings of the Commission may be held upon reasonable notice to the Commission members by any officer of the Commission. The Commission shall meet at least once during each calendar year. The Commission may meet by telephone conference. Six Commission members shall constitute a quorum. The affirmative vote of not less than six members of the Commission shall constitute action by the Commission.

f. Members of the Commission shall receive no compensation for their services as members of the Commission, but they may be reimbursed for travel and other expenses in accordance with regulations adopted by the Judicial Department.

g. The Commission, with the consent of the Court, may employ a director and other personnel. The Commission may delegate to such director the authority to conduct the routine business of the Commission, subject to the provisions of this order, rules of the Court, and supervision by the Commission. With the consent of the Court, the Commission may enter into an agreement with the director of the Administrative Office of the Courts whereby that office shall furnish staff services.

(4) The Commission will be responsible for developing and recommending to the Court a comprehensive plan for the delivery of legal services to indigent defendants in the state court system. The plan shall include, but not necessarily be limited to, the following:

a. The collection of information regarding cases in which an indigent defendant is represented by a district public defender or a private attorney paid by the state.

b. A determination of a reasonable case load for each district public defender.

c. A statement of standards for criminal defense attorneys appointed to represent indigent defendants, including additional standards for complex and capital cases; provided, the Commission may defer to the Supreme Court Commission on Continuing Legal Education and Specialization with regard to standards which may be adopted by that commission.

d. A schedule of reasonable compensation to be paid private attorneys appointed to represent indigent defendants.

e. A determination of the total funds to be budgeted for each fiscal year for the payment of private attorneys appointed by the courts to represent indigent defendants.

f. A statement of appropriate procedures for reviewing claims submitted by private attorneys, the auditing of those claims, and the payment of the claims. Such procedures shall insure, to the extent practical, the responsible and efficient administration of funds appropriated for the representation of indigent defendants.

(5) The Commission shall develop and recommend to the Supreme Court such rules or amendments thereto as may be appropriate to implement the plan approved by the Court.

## IV

Effective September 1, 1994, Rule 13(2)(B) of the Supreme Court Rules is amended as follows:

(1) The maximum hourly rate to be paid private attorneys for time spent in preparation for trial shall be $40 per hour and the maximum hourly rate to be paid for time spent in court shall be $50 per hour for services rendered in cases described in subsections (1), (2), (3), (4), (5), (7), (8), (9), (10), and (11);

(2) The total maximum compensation to be paid private attorneys for all services rendered in the cases described shall be as follows: subsection (1) $200; subsection (2) $500; subsection (3) $1,000; subsection (4) $1,000; subsection (5) $2,000; subsection (6) $2,000 in each appellate court; subsection (7) $1,000; subsection

(8) $1,000; subsection (9) $1,000; and subsection (11) $200.

(3) This amendment shall apply to work performed after 12 midnight August 31, 1994.

It is so ORDERED, ADJUDGED, AND DECREED 17th day of August, 1994.

/s/ Lyle Reid
Lyle Reid,
Chief Justice

/s/ Frank F. Drowota, III
Frank F. Drowota, III,
Justice

/s/ Charles H. O'Brien
Charles H. O'Brien,
Justice

/s/ E. Riley Anderson
E. Riley Anderson,
Justice

/s/ Adolpho A. Birch, Jr.
Adolpho A. Birch, Jr.,
Justice